IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**VICTOR Z. SINGLETON**,

                    Plaintiff                               Civil No. 09-1014-MO

             v.                               **OPINION AND ORDER**

**MICHAEL J. ASTRUE**,
Commissioner of Social Security,

                    Defendant.

**MOSMAN, J.,**

       Plaintiff Victor Singleton ("Singleton") challenges the Commissioner's decision finding him

not disabled and denying his application for Disability Insurance Benefits ("DIB"). I have

jurisdiction under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is

AFFIRMED.

       I review the Commissioner's decision to ensure the Commissioner applied proper legal

standards and that his findings are supported by substantial evidence in the record. 42 U.S.C. §

405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

## BACKGROUND

Mr. Singleton applied for both DIB and Supplemental Security Income ("SSI") on May 11, 2006. AR 100-02, 103-04.[1] Mr. Singleton's signed application indicated that he did not have an "unsatisfied felony warrant." AR 100, 103. Mr. Singleton alleged disability due to restless legs syndrome, back pain, anxiety, and panic attacks. Tr. 116. The Commissioner denied Mr. Singleton's SSI application because he had an outstanding warrant. AR 117. The Commissioner also denied Mr. Singleton's DIB application initially and upon reconsideration. AR 82-85, 96-98.

Mr. Singleton appealed the Commissioner's denial on November 24, 2006 (AR 99), and a hearing was held before an Administrative Law Judge ("ALJ") on December 10, 2008. AR 29-77. The ALJ did not consider Mr. Singleton's SSI application at this hearing because Mr. Singleton had an outstanding felon warrant. AR 33. The ALJ subsequently made her decision based upon a five-step sequential process established by the Commissioner. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (9th Cir. 1987). Here the ALJ found that Mr. Singleton could perform work in the national economy, and was therefore not disabled. AR 16-28.

Mr. Singleton appealed the ALJ's denial of his DIB application to the Appeals Council, which accepted his brief into the record (AR 4), but declined review of the ALJ's decision. AR 1-3. Mr. Singleton filed a complaint in this court pertaining to his DIB application only. Docket # 3.

## ANALYSIS

Mr. Singleton now contends that the ALJ erroneously evaluated his SSI application as it pertained to an outstanding warrant for arrest. Mr. Singleton also contends that the ALJ made

---

[1]Citations "AR" refer to the indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer on December 17, 2009 (Docket # 12).

numerous errors at step two in the sequential proceedings, and made an erroneous step five finding that Mr. Singleton was not disabled.

**I.    Supplemental Security Income Application**

The Commissioner denied Mr. Singleton's SSI application at initial review on October 18, 2006, because Mr. Singleton had an outstanding felon warrant. AR 177. At his December 10, 2008 hearing, the ALJ informed Mr. Singleton that she would not reopen this determination because Mr. Singleton was, at that time, ineligible for SSI due to the outstanding warrant. AR 33. Mr. Singleton did not cite or appeal this determination in subsequent briefing submitted to the Appeals Council (AR 201-05) or in his initial complaint before this court. Docket # 3. Mr. Singleton now asserts, for the first time upon review, that the ALJ erroneously refused to hear his SSI claim. Neither party cites evidence relating to the status of the original warrant. The matter is inconsequential for the reasons that follow.

First, Mr. Singleton asserts that the ALJ refused to hear any evidence pertaining to the period after his December 31, 2003, date last insured. Pl.'s Opening Br. 4 (citing AR 34). Mr. Singleton's indicated citation does not show that the ALJ stated she would not consider such evidence and, in fact, the ALJ's opinion demonstrates that she considered Mr. Singleton's treatment record pertaining to the period between December 31, 2003, and November 25, 2008, in considerable detail. AR 21-26. Mr. Singleton's argument that the ALJ did not consider this material is not based upon the record and therefore fails.

Second, Mr. Singleton cites a class action settlement relating to the Commissioner's policy denying SSI benefits to individuals with an outstanding felon warrant. Pl.'s Opening Br. 4. The

PAGE 3 - OPINION AND ORDER

*Martinez* class action settlement changed benefit eligibility for some individuals with outstanding warrants. Stipulation of Settlement at 5, *Martinez v. Astrue*, No. 08-CV-4735 CW (N.D. Cal. Oakland Div., August 11, 2009) (*available at* http: //www.ssa.gov/martinezsettlement/StipulationSettlement.htm (last visited August 26, 2010)). Mr. Singleton argues that he is subject to this settlement. Mr. Singleton provides no evidence of the terms of his felony arrest warrant, nor does he provide evidence establishing that he would benefit from the class action settlement. Pl.'s Opening Br. 4-5. Despite this change in benefit eligibility for some individuals with outstanding warrants, an individual must still establish disability under the Commissioner's usual disability analysis. Because Mr. Singleton has not established that he is disabled under the Commissioner's regulations, as discussed below, the matter is inconsequential to the present proceedings.

For these reasons, Mr. Singleton fails to establish reversible error pertaining to the Commissioner's determination that he was ineligible for SSI.

## II.    The ALJ's Step Two Findings

Mr. Singleton makes numerous allegations of error at step two of the sequential proceedings, specifically that the ALJ: (1) should have found his anxiety disorder and insomnia "severe," (2) should have considered his "combined impairments," (3) should have ordered a psychological evaluation, (4) improperly considered his medication side effects, and (5) improperly considered the opinion of treating physician Dr. Heintzman.

### A.    Standards: Severity Findings At Step Two

At step two, the ALJ determines if the claimant has a "severe" impairment. 20 C.F.R. § 404.1520(a)(4)(ii). An impairment is "severe" if it "significantly limits your ability to do basic work

activities." 20 C.F.R. § 404.1520 (c), *see also* 20 C.F.R. § 404.1521. Such an impairment must last, or be expected to last, twelve months. 20 C.F.R. § 404.1509. However, the ALJ's analysis at steps four and five must consider all of a claimant's impairments, both severe and non-severe. 20 C.F.R. § 404.1545(a)(2). When the ALJ proceeds beyond step two, and considers all of a claimant's impairments in formulating his RFC analysis, any omission at step two is harmless. *Lewis v. Astrue*, 498 F.3d 909, 511 (9th Cir. 2007). To establish reversible error at step two in the sequential proceedings, a claimant must show that the ALJ's RFC analysis did not consider the contested step two impairment. *Id.* Mere demonstration of error in the ALJ's step two analysis does not establish reversible error. *Id.*

### B.    Analysis: The ALJ's Step Two Findings

#### 1.    Anxiety and Insomnia

Mr. Singleton claims that the ALJ improperly assessed his anxiety and insomnia at step two. Pl.'s Opening Br. 8-10. To establish reversible error at step two, Mr. Singleton must show that the ALJ's subsequent decision improperly omitted impairments causing work-related limitations. *Lewis*, 498 F.3d at 511.

The ALJ's step two findings noted treating physician Dr. Corso's report that Mr. Singleton "had a long history of fairly profound anxiety." AR 19. The ALJ then noted Dr. Corso's prescription of various medications for Mr. Singleton's anxiety and insomnia. *Id.* The ALJ also noted Mr. Singleton's treatment at Bend Memorial Clinic for anxiety and a sleep disorder, and treating physician Dr. Antolak's assessment of an anxiety disorder and sleep problems. *Id.* Finally, the ALJ's step two findings discussed the medical expert Dr. McDevitt's hearing testimony. AR 22. The ALJ cited Dr. McDevitt's testimony that the record shows that Mr. Singleton complained of

chronic anxiety and received very little treatment, and that Mr. Singleton's anxiety did not cause work-related limitations.  *Id.*

Mr. Singleton's argument refers to anxiety diagnoses made between June 2001 and December 2002, and cites his own reports that he was originally diagnosed with anxiety and prescribed Valium over twenty years ago.  Pl.'s Opening Br., 9.  Mr. Singleton points to no resulting workplace limitations stemming from his anxiety.  Mr. Singleton instead points to chart notes produced by treating physician Dr. Corso.  Pl.'s Opening Br., 8.  Mr. Singleton cites Dr. Corso's September 18, 2000, chart note showing that Mr. Singleton engaged in "assaultive behavior" after mixing his Klonopin with alcohol; at this time Dr. Corso diagnosed chronic anxiety and "possible side effects of short-term memory loss from the medication."  AR 214.   Dr. Corso concurrently reduced Mr. Singleton's Klonopin dose.  *Id.*  This citation does not establish work-related limitations stemming from Mr. Singleton's anxiety throughout the relevant time period.  Mr. Singleton also cites Dr. Corso's July 11, 2001, chart note noting that Mr. Singleton's presentation was unremarkable, with a "somewhat meandering attention stream."  AR 210.  Dr. Corso did not correlate this characteristic with Mr. Singleton's anxiety.  *Id.*  Further, Mr. Singleton does not explain the manner in which this presentation created a work-related limitation inconsistent with the ALJ's RFC analysis.  Mr. Singleton therefore fails to establish reversible error in the ALJ's step two analysis of his anxiety.

Mr. Singleton also asserts that the ALJ did not find his anxiety "severe" at step two because he may go days without taking Valium medication, and that Mr. Singleton only did so because he could not afford medication.  Pl.'s Opening Br., 9.  While an ALJ may not fault a claimant for failing to follow treatment he cannot afford, *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995), the ALJ did not base his analysis of Mr. Singleton's alleged anxiety on Mr. Singleton's inability to take

medication he could not afford.  Further, the ALJ instead noted that the record shows that Mr. Singleton's son, Sayer Singleton, reported that Mr. Singleton did not take his medication.  AR 25 (citing exhibit 6E (AR 145)).  Mr. Singleton's submission that the ALJ erroneously considered his inability to afford medications so far as this related to his step two findings regarding his anxiety therefore fails.  The ALJ's analysis of work-related limitations stemming from Mr. Singleton's anxiety is affirmed.

Mr. Singelton's argument points to no work-related limitations stemming from his insomnia. The ALJ's findings regarding Mr. Singleton's insomnia are therefore also affirmed.  Mr. Singleton shows no reversible error regarding his anxiety or insomnia at step two in the sequential proceedings.

### 2.    Combined Impairments at Step Two

Mr. Singleton argues that the ALJ failed to consider his "combined impairments" at step two. Pl.'s Opening Br., 6.  Mr. Singleton specifically asserts that the ALJ here failed to consider his anxiety and insomnia in conjunction his other impairments.  *Id.*  Mr. Singleton's indicated citation points to an ALJ's consideration of a claimant's combined impairments at step three in the sequential analysis.  *Id.* (citing *Celaya v. Halter*, 332 F.3d 1177, 1181-82 (9th Cir. 2003)).  An impairment is not severe at step two when "it is no more than a slight abnormality or combination of abnormalities which would have no more than a minimal effect on the individual's physical or mental ability(ies) to perform basic work activities."  SSR 86-8 at *2 (*available at* 1986 WL 68636).  However, in making an ultimate disability determination, the ALJ considers "the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity."  20 C.F.R. § 404.1523.

As discussed above, Mr. Singleton fails to show that the ALJ improperly rejected work-

related limitations resulting from his anxiety and insomnia.   Mr. Singleton points to no additional

work-related limitations arising when these impairments are considered in conjunction with his other

impairments.   Pl.'s Opening Br., 6.   The ALJ's considerable narrative analysis at step two

concurrently addresses both Mr. Singleton's anxiety and his insomnia, as well as his back pain.   AR

19-22.    Though the ALJ recited no "magic words" regarding the combined effect of these

impairments, this court is satisfied that the ALJ considered these impairments in combination.   Mr.

Singleton's argument regarding his combined impairments at step two therefore fails.

### 3.    Consultative Examinations at Step Two

Mr. Singleton also asserts that the ALJ should have ordered a consultative examination at

step two in the sequential proceedings.   Pl.'s Opening Br. 6.   The claimant bears the burden of

establishing a medically-determinable impairment, 20 C.F.R. § 404.1512(a), and no authority directs

an ALJ to order consultative examinations at step two.   The Commissioner may order a consultative

examination "when the evidence as a whole, both medical and nonmedical, is not sufficient to

support a decision on your claim."   20 C.F.R. § 404.1519a(b).

This procedure is inapplicable to Mr. Singleton's case.   Treating physician Dr. Heintzman

stated that the nature of Mr. Singleton's psychiatric impairment and resulting workplace limitations,

if any, was difficult to diagnose or identify.   AR 347.   Medical expert and psychiatrist Dr. McDevitt

testified that it is "not clear from [Mr. Singleton's] testimony or from the record why he would not

be able to work."   AR 64.   Dr. McDevitt stated that the record shows "no evidence of any

neurological impairment," and that, while Mr. Singleton's testimony demonstrated that he "wanders

all over the place," the record shows that he passed attention deficit disorder screening examinations.

AR 65.   Dr. McDevitt also stated that Mr. Singleton's anxiety did not meet the Commissioner's

listings at step three in the sequential proceedings.  AR 65-66.  Finally, Dr. McDevitt testified that

Mr. Singleton has moderate, not marked, difficulties in concentration, persistence, and pace (AR 68-

69), and that Deschutes County Mental Health psychiatrists treated Mr. Singleton for approximately

five months and "felt he was ok" and had "no issues about his disorganization."  AR 69.

These comments do not establish that the record contains insufficient evidence mandating

a consultative examination.

Mr. Singleton also submits that he was unable to follow-up on a referral for psychological

evaluation for financial reasons.  Pl.'s Opening Br., 7 (citing AR 206).  As noted, the ALJ may not

chastise a claimant for failing to seek treatment he cannot afford.  *Gamble*, 68 F.3d at 321.  However,

Mr. Singleton's failure to follow instructions to obtain psychological evaluation, for any reason, does

not establish insufficient evidence for the ALJ to evaluate his allegation of disability.  Therefore the

ALJ was under no obligation to order a consultative examination at step two in the sequential

proceedings.

### 4.    Medication Side Effects at Step Two

Mr. Singleton asserts that the ALJ failed to consider his medication side effects in her step

two analysis, citing his own testimony and that of his son, Sayer Singleton.  Pl.'s Opening Br. 13.

The ALJ presently considered Mr. Singleton's testimony and that of his son.  AR 23-26.  The

ALJ found that Mr. Singleton's "subjective complaints regarding the extent of his functional

limitations are not fully credible."  Tr. 24.  This finding encompasses Mr. Singleton's testimony

regarding functional limitations stemming from medication side effects.  In support of this finding,

the ALJ cited Mr. Singleton's activities of daily living, work history, and contradictory testimony

regarding his fugitive felon warrant.  AR 24-25.  These are all adequate reasons for finding a

claimant not credible. *Smolen v. Chater*, 80 F.3d 1280, 1284 (9th Cir. 1996). Mr. Singleton does not challenge these findings and they are therefore affirmed.

Mr. Singleton states that his son wrote that his medications "further diminish" his abilities. Pl.'s Opening Br. 13 (citing AR 19). Mr. Singleton's citation points to the ALJ's discussion of the medical evidence, and does not point to testimony submitted by his son. AR 19. Sayer Singleton submitted a "Third Party Report" to the record. AR 143-50. Sayer Singleton stated that Mr. Singleton "say[s] he takes his pain medication but doesn't" (AR 145), and stated that Mr. Singleton "does not like to take his pain meds . . . . Took prescribed medications from [doctor] years ago that affected his memory (Klonopin, Halcion, Ambien). Has little to no memory of this time." AR 150. This testimony does not support Mr. Singleton's assertion that the ALJ failed to consider the side effects of Mr. Singleton's medication use at the time of his hearing. Furthermore, the ALJ discussed Sayer Singleton's report. AR 25-26. The ALJ concluded that Sayer Singleton's overall testimony was inconsistent with the medical record. AR 26. The ALJ may reject lay testimony that is inconsistent with the medical record. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). Mr. Singleton does not challenge this reasoning and it is also affirmed.

The ALJ provided adequate reasons for rejecting the testimony of Mr. Singleton and his son pertaining to his medication side effects. Any omission at step two is inconsequential because the ALJ's subsequent analysis properly considered this evidence. *Lewis*, 498 F.3d at 911. Mr. Singleton therefore fails to show that the ALJ committed reversible error regarding his medication side effects.

### 5.    Treating Physician Dr. Heintzman

Finally, Mr. Singleton contends that the ALJ improperly assessed treating physician Dr. Heintzman's opinion at step two. He specifically challenges the ALJ's evaluation of a form Dr.

Heintzman completed on November 25, 2008.  Pl.'s Opening Br., 11.

### a.    Standards: Medical Source Statements

Disability opinions are reserved for the Commissioner.  20 C.F.R. § 404.1527(e)(1).

However, when making that determination, the ALJ generally must accord greater weight to the

opinion of a treating physician than that of an examining physician.  *Lester v. Chater*, 81 F.3d 821,

830 (9th Cir. 1995).  The ALJ must also generally give greater weight to the opinion of an examining

physician over that of a reviewing physician.  *Id.*  If two opinions conflict, an ALJ must give

"specific and legitimate reasons" for discrediting a treating physician in favor of an examining

physician.  *Id.* at 830.  The ALJ may reject physician opinions that are "brief, conclusory, and

inadequately supported by clinical findings."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir.

2005).  In addition, the ALJ must ordinarily give greater weight to opinions rendered by specialists.

20 C.F.R. § 404.1527(d)(5).

### b.    Analysis: Medical Source Statements at Step Two

On November 25, 2008, Dr. Heintzman completed a questionnaire for Mr. Singleton's

attorney.  AR 345-47.  Dr. Heintzman stated that he had been Mr. Singleton's primary care physician

for approximately one year.  AR 345.  The record before this court does not contain treatment notes

produced by Dr. Heintzman.

The questionnaire first asked Dr. Heintzman whether he "agreed" that Mr. Singleton carried

a diagnosis of degenerative disc disease at L4-5 and L5-S1, "with broad annular bulge and narrowing

of the lateral recess with resulting chronic back pain," as well as diagnoses of anxiety, panic attacks,

restless legs syndrome, and sleep apnea.  AR 345.  Dr. Heintzman checked "no," and wrote, "I have

no documentation of restless leg syndrome or sleep apnea.  He saw [another physician[2]] for causes re: pain and that evaluation is still pending."  *Id.*  Dr. Heintzman wrote that Mr. Singleton experiences "episodic pain after exertion" as a symptom of his impairment.  *Id.*

Regarding workplace limitations, Dr. Heintzman stated that Mr. Singleton could occasionally lift ten pounds, frequently lift less than ten pounds, stand and walk *at least* two hours in an eight-hour workday (emphasis added), sit less than six hours in an eight-hour workday, and occasionally balance, climb, stoop, bend, kneel, and crouch, and never crawl.  AR 346.  Dr. Heintzman also wrote that Mr. Singleton would miss at least two workdays per month.  *Id.*  In support of this conclusion, Dr. Heintzman wrote, "Mr. Singleton reports significant back pain, but the cause has been erratic and unpredictable.  His psychological symptoms have seemed to be more limiting although their nature has been difficult to diagnose." AR 347.  Dr. Heintzman finally stated that Mr. Singleton has moderate difficulties in concentration, persistence, and pace, and that Mr. Singleton's psychological symptoms have been complicated by irregular medication use.  AR 347.

The ALJ discussed Dr. Heintzman's opinion.  AR 21-22.  The ALJ cited Dr. Heintzman's report that he had no documentation supporting Mr. Singleton's restless legs syndrome diagnosis, and Dr. Heintzman's report that, "while the claimant reported significant back pain, his course had been erratic and unpredictable and his psychiatric symptoms had seemed to be more limiting . . ." and further complicated by irregular medication use.  *Id.*  The ALJ finally cited Dr. Heintzman's opinion that Mr. Singleton could occasionally lift and carry ten pounds, frequently lift and carry less than ten pounds, stand and walk at least two hours in an eight-hour workday, sit less than six hours in and eight-hour workday, occasionally climb, balance, stoop, bend, kneel, and crouch, and could

---

[2]The physician's name is illegible.

not crawl.  AR 22.  The ALJ also rejected Mr. Singleton's testimony so far as it pertains to the extent of his functional limitations.  AR 24.

Mr. Singleton now asserts that the ALJ's summary misconstrues Dr. Heintzman's opinion, arguing that Dr. Heintzman's opinion limited Mr. Singleton to less than sedentary work under the Commissioner's regulations.  Pl.'s Opening Br., 12.  Mr. Singleton provides no authoritative citation for this assertion.  *Id.*

Under the Commissioner's regulations, light work "involves lifting no more than 20 pounds at a time, with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. § 404.1567(b).  Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles . . . .  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties."  20 C.F.R. § 404.1567(a).  The ALJ's lifting restrictions, respectively limiting Mr. Singleton to occasionally lifting and carrying twenty pounds and frequently lifting and carrying ten pounds (AR 23), represent light work under the Commissioner's regulations.  20 C.F.R. § 404.1567(b).  Dr. Heintzman's statement that Mr. Singleton could stand or walk "at least" two hours in an eight-hour workday (AR 346) is also consistent with light work.  Dr. Heintzman's questionnaire answers do not limit Mr. Singleton to sedentary or less than sedentary work, and Dr. Heintzman's statement regarding Mr. Singleton's workplace attendance is supported only by Mr. Singleton's reports, which the ALJ rejected.  Mr. Singleton therefore fails to show that the ALJ's RFC analysis omitted any properly supported limitations proffered by Dr. Heintzman.  The ALJ's step two citation to Dr. Heintzman's opinion is affirmed.

///

PAGE 13 - OPINION AND ORDER

C.    **Conclusion: The ALJ's Step Two Findings**

In summary, Mr. Singleton's exhaustive challenge to the ALJ's step two findings fails to show that the ALJ improperly omitted workplace limitations warranting reversal.

III.    **The ALJ's Step Five Findings**

Finally, Mr. Singleton asserts that the ALJ failed to properly find that he could perform work existing in the national economy at step five in the sequential proceedings.   Mr. Singleton specifically asserts that the ALJ's questions to the vocational expert at step five failed to cite Dr. Heintzman's November 25, 2008 opinion and additional unspecified limitations stemming from his anxiety disorder and panic attacks.  Pl.'s Opening Br., 14.

A.    **Standards: Step Five Analysis**

After an ALJ determines that a claimant cannot perform past relevant work at step four, the ALJ must determine if the claimant can perform work in the national economy at step five.  20 C.F.R. § 404.1520(a)(4)(v).  Here the ALJ may draw upon the testimony of a vocational expert, and her questions to the vocational expert must include limitations that are properly supported by the record.  *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001).

B.    **Analysis: The ALJ's Step Five Findings**

The ALJ presently asked the vocational expert to consider a hypothetical individual fifty-four years old, with a high-school education, and able to sit, stand, and walk for a total of eight hours in a normal workday, constantly lift ten pounds, and occasionally lift twenty pounds.  AR 75.  The ALJ also specified that the hypothetical individual was able to get along with people, follow routine instructions, and complete routine work.  *Id.*  These limitations were based upon Mr. Singelton's properly supported limitations.  The vocational expert stated that Mr. Singleton could perform work

in the national economy as an information clerk, laundry folder, and hand packager.  AR 75-76.  The ALJ's citation to the vocational expert's testimony, and his subsequent step five findings, are therefore affirmed.

## **CONCLUSION**

In summary, Mr. Singleton fails to show that the ALJ improperly evaluated his impairments at steps two and five of the sequential proceedings.  Because Mr. Singleton fails to establish that he is disabled under the Commissioner's regulations, the ALJ's refusal to consider his SSI application is inconsequential.  The ALJ's decision is based upon the record and the correct legal standards and is therefore AFFIRMED.

IT IS SO ORDERED.

Dated this  31st  day of August, 2010.

/s/ Michael W. Mosman
Michael W. Mosman
United States District Judge

PAGE 15 - OPINION AND ORDER